incurred in maintaining" this suit pursuant to Const 1963, art 9, § 32. Reported below: 279 Mich App 507.

PEOPLE v WILDER, No. 137562. On order of the Court, the application for leave to appeal the October 21, 2008, judgment of the Court of Appeals is considered, and it is granted, limited to the issue whether third-degree home invasion, MCL 750.110a(4), is a necessarily included lesser offense of first-degree home invasion, MCL 750.110a(2).

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals No. 278737.

*Leave to Appeal Denied April 3, 2009:*

STOUT v WITHROW, No. 136442; Court of Appeals No. 271632.

MARKMAN, J. *(dissenting)*. I dissent and would grant leave to appeal. Plaintiff offered to purchase a farmhouse after receiving a copy of the seller's disclosure statement, which advised plaintiff to obtain an inspection of the property. The offer was accepted, and plaintiff signed a purchase agreement wherein she agreed to purchase the property "as is" with no warranties, express or implied, from the seller or the real estate agent. Plaintiff also expressly waived a home inspection, and at the closing signed a "Purchaser's Satisfaction," in which she stated that she had examined the property, accepted it in its present condition, would hold harmless the realtor and its agents for any structural defects, "including sewer, septic, well, etc.," and that there were no other agreements, "oral or otherwise," beyond those set forth in the purchase agreement.

Soon after moving in, plaintiff discovered several structural problems with the sewer, septic system, and well. She sued the seller, the real estate firm, and its agent, settling only with the seller. The real estate firm and its agent filed a motion for summary disposition based on the release. Plaintiff opposed this motion, asserting that the agent had orally stated that it was unnecessary to obtain an inspection because the house was in "top-notch" condition. The trial court denied defendants' motion, and a jury verdict was rendered in plaintiff's favor. The Court of Appeals affirmed, holding that the agent's oral misrepresentations regarding the condition of the property amounted to "fraudulent or overreaching conduct" in procuring the release such that there was a question of fact whether the release was enforceable. Unpublished opinion per curiam, issued February 14, 2008 (Docket No. 271632), p 4.

What is significant here is that plaintiff: (a) expressly waived a home inspection, (b) agreed she was purchasing the property "as is," (c) agreed there were no express or implied warranties from the real estate firm or its agent, (d) agreed to hold defendants "harmless" for any structural defects, and (e) agreed there were "no other agreements." Nevertheless, it now appears that a disappointed purchaser of property can avoid the consequences of such written agreements, by merely asserting that allegedly "fraudulent" oral representations were made by an agent, and thereby require defendant to proceed to trial.

The majority's failure to grant leave to appeal to review the implications of this decision are troublesome and should be of concern, not only to real estate firms and their agents, but to any party entering into a contract or who benefits from a release. Unfortunately, this case appears to be part of an emerging trend by the majority of this Court of failing to enforce contracts as written and is inviting uncertainty and unnecessary litigation by eroding established principles of contract law. See, e.g., this Court's order in *Genesee Co Foods Services, Inc v Meadowbrook*, 483 Mich 907 (2009); *Zahn v Kroger Co*, 483 Mich 34, 44-46 (2009) (MARKMAN, J., concurring).

CORRIGAN and YOUNG, JJ. We join the statement of Justice MARKMAN.

SAZIMA V SHEPHERD BAR & RESTAURANT, No. 136940. By order dated December 17, 2008, this Court peremptorily reversed the ruling of the Workers' Compensation Appellate Commission, which had found that the plaintiff's injury occurred in the course of her employment. 482 Mich 1110 (2008). On order of the Court, the plaintiff-appellee's motion for reconsideration is granted. We vacate our order of December 17, 2008. The application for leave to appeal the June 17, 2008, order of the Court of Appeals is denied, because we are no longer persuaded that the question presented should be reviewed by this Court. Court of Appeals No. 281855.

MARKMAN, J. (*dissenting*). I dissent from the majority's decision to vacate this Court's previous order, 482 Mich 1110 (2008), and to deny leave to appeal, effectively reversing our previous decision. The Workers' Compensation Appellate Commission (WCAC) erred, in my judgment, by awarding plaintiff benefits for an injury that did not occur "in the course of employment." MCL 418.301(1). Rather, plaintiff was injured while walking from her car parked along a public street to her place of employment. Because the Worker's Disability Compensation Act does not extend to an injury occurring under such circumstances, I would reverse this decision.

Generally, "injuries that occur while traveling to or coming from work are not compensable." *Camburn v Northwest School Dist*, 459 Mich 471, 478 (1999) (quotation marks and citation omitted); see also *Simkins v Gen Motors Corp (After Remand)*, 453 Mich 703, 723 (1996). Known as the "coming and going" rule, this protects employers from incurring liability for injuries occurring in areas over which they have no control. An employee can avoid this rule only by establishing one of several established exceptions, *Camburn, supra* at 478, none of which is applicable here.

For the "special benefit" exception to apply, the "special benefit" must be the result of the "activity at the time of the injury." *Id.* at 478 (quotation marks and citation omitted). Plaintiff's activity at the time of injury was walking to work, which provided no special benefit to defendant. *Bowman v RL Coolsaet Construction Co (On Remand)*, 275 Mich App 188, 191 (2007). Instead, plaintiff was "master of [her] own movements upon the street and encountered there a risk incident to any user of the street." *Dent v Ford Motor Co*, 275 Mich 39, 42 (1936).

For the "excessive risk" exception to apply, "travel itself [must be] the employment." *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606, 609 (1940). "[N]ormal traffic hazards encountered while traveling to and from the place of work are deemed to be risks common to all . . . ." *Id.* The plaintiff in *Chrysler* drove a truck for the employer. The Court emphasized that his injury was compensable because the additional risk that caused the injury was created by the inherent purpose of the